IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD MILLER, #176931,   ) | |
| )  | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:16-CV-282-WKW |
| ) | |
| DAVE SUTTON, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Bernard Miller ("Miller"), a state inmate, challenges the constitutionality of his confinement in the state prison system. Specifically, Miller argues that that there is no basis for such confinement as the Circuit Court of Coffee County, Alabama, has not yet issued an order revoking his community corrections probation. *Compl. - Doc. 1* at 6. Miller filed an amendment to his complaint which contains relevant state court records. *Amendment to Compl. - Doc. 11*. As is relevant to this Recommendation, Miller seeks his release from incarceration, reinstatement to community corrections and monetary damages. *Compl. - Doc. 1* at 4.

Upon review of the complaint and amendment thereto, the court concludes that this case is subject to dismissal prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The court granted Miller leave to proceed *in forma pauperis*. *Order of April 20, 2016 - Doc. 3*. Despite Miller's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which

## II. DISCUSSION

### A. Facts[2]

On October 17, 2015, the Circuit Court of Coffee County, Alabama sentenced Miller to eighty-four (84) months imprisonment on a conviction for second degree theft of property.[3] This sentence was to run "concurrently with . . . an and all other sentence(s) the defendant is serving including 2010-117 & 118." *Amendment to Compl. - Doc. 11* at 10. The trial court subsequently granted Miller's motion for placement on the Community Punishment and Corrections Program in Dale County, Alabama. On November 16, 2015, Miller was released from the Coffee County Jail and began participation in the aforementioned program.

On January 6, 2016, officers with the Enterprise Police Department arrested Miller on two charges of attempt to commit a controlled substance offense and placed him in the Coffee County Jail. Although Miller made bond on these offenses as set by the District Court of Coffee County, Alabama, Judge Clark issued an Order for Arrest in Miller's theft case due to his violation of the conditions of the Dale County Community Corrections Program. The order directed that Miller's "participation in said program is tolled[,]" and "commanded [law enforcement officials] to arrest said defendant and detain him in the County Jail until he can be brought before the Court for a hearing to show cause why his

---

requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]The facts are gleaned from the complaint and supporting documents filed by the plaintiff.

[3]Judge Shannon Clark presided over those proceedings.

participation in Community Corrections should not be terminated." *Amendment to Complaint - Doc. 11* at 22.  On January 21, 2016, Miller "was transported to Kilby Correctional Facility . . . [and] on 2/22/2016 . . . was transported from Kilby Correctional Facility to Coffee County Jail . . . for [a] preliminary hearing [on the drug offense charges]. After [the] preliminary hearing, [Miller] was taken to Judge Shannon Clark's courtroom for [his] community corrections revocation hearing, but she continued it until 4/4/2016 . . . [and Miller] was then transported back to Kilby; and on 3/11/2016 [he] was transported to Ventress Correctional Facility." *Compl. - Doc. 1* at 5-6.  During this appearance before Judge Clark, Miller inquired as to the basis for his confinement at Kilby to which he alleges Judge Clark "said 'because that is where you belong.'" *Id*. at 6.  On April 1, 2016, Judge Clark continued the scheduled termination hearing "due to Ventress Correctional Facility being under quarantine." *Plaintiff's Exh. – Doc. 11* at 32.

### B.  Constitutionality of Confinement

Miller alleges that the state court violated his constitutional rights in failing to revoke his community corrections assignment which resulted in his improper incarceration in the state prison system.  Miller seeks release from custody, a return to community corrections and monetary damages.  The claim presented in the complaint goes to the fundamental legality of Miller's confinement and his current incarceration on the sentence issued at the time of his guilty plea.  Consequently, Miller is entitled to no relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of" the fact or duration of his confinement. *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or other basis for his incarceration]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for or duration of his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other

4

than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dep't of Corrs.*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.[4]

Under the circumstances of this case, *Heck* and its progeny bar Miller's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his current incarceration. 512 U.S. at 489 ("We do not graft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for incarceration] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claim presented by Miller requesting

---

[4]The plaintiff is advised that he must first exhaust any available state court remedies, including submission of appropriate motions to the trial court and requests for relief from the appellate courts, regarding any adverse action taken by the trial court with respect to his claim regarding the constitutionality of his incarceration.

release from incarceration is not cognizable in this cause of action and is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before June 28, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of June, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE